UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. NWAONUMAH,<br>        Petitioner,<br>    v.<br>M. E. SPEARMAN,<br>        Respondent. | Case No. 15-cv-04196-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 11 |

    Petitioner David A. Nwaonumah seeks federal relief from a prison disciplinary decision. When he filed this action, a petition for writ of habeas corpus was a possible method by which to obtain such relief. This is no longer so. Now, the federal relief he seeks can be obtained only through a civil rights action brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, No. 12-16935, 2016 WL 4072465, at *6 (9th Cir. July 26, 2016) (en banc) (claims regarding prison disciplinary decisions are not within "the core of habeas corpus" and now must be brought under section 1983, "if at all").

    In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a court may construe a habeas petition as a civil rights action, it is not required to do so, and there have been significant changes in the law since *Wilwording* was decided that would be adverse to Nwaonumah if I did so. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400. Under the Prison Litigation Reform Act, a prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have

to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

An additional consideration militates against this Court construing the petition as a section 1983 suit. The petition does not name a defendant against whom the section 1983 claims could properly be asserted. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). It names the warden, not the officers who allegedly deprived Nwaonumah of his constitutional rights. The potentially proper defendants would appear to be the prison officers directly involved in the disciplinary proceeding. Nwaonumah should name as defendants the state actors he believes liable for the alleged constitutional deprivation.

In view of the potential pitfalls for Nwaonumah if the Court were to construe the petition as a civil rights complaint, and the failure to name proper defendants, I will DISMISS this action without prejudice to his filing a section 1983 action if he so chooses.[1]

Respondent's motion to dismiss (Docket No. 11), which rests on habeas law, is DENIED as moot. The Clerk shall terminate Docket No. 11, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: September 22, 2016

WILLIAM H. ORRICK
United States District Judge

---

[1] It appears Nwaonumah exhausted his claims using the prison's grievance system. Because claims must be exhausted prior to filing suit, 42 U.S.C. § 1997e(a), Nwaonumah may file a civil rights complaint immediately if he wants.