UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. NWAONUMAH,

    Petitioner,

v.

M. E. SPEARMAN,

    Respondent.

Case No. 15-cv-04196-WHO (PR)

**ORDER REOPENING ACTION**

The Court construes habeas petitioner David Nwaonumah's request for a certificate of appealability (Dkt. No. 17) also as a motion for reconsideration. Thus construed, it is GRANTED. The action is REOPENED. The Clerk shall amend the docket accordingly. The judgment (Dkt. No. 16) and the order of dismissal (Dkt. No. 15) are VACATED. The dismissed petition (Dkt. No. 1) is reinstated as the operative pleading.

Nwaonumah, a state prisoner proceeding pro se, alleges that his original release date was July 31, 2019. (Opp. to Mot. to Dismiss, Dkt. No. 14, at 1.) It was changed to October 15, 2019, an extension of 90 days, after he received a "write up" for an infraction he committed at Avenal State Prison. (*Id.*) Those 90 days would be restored if Nwaonumah was "disciplinary free for 6 months." (*Id.*) However, before those 6 months had passed, his jailors at Soledad State Prison found him guilty in 2013 of refusing to follow orders, which resulted in the forfeiture of 30 days of time credits. (*Id.* at 1-2.)

1   Though those 30 days were restored, the disciplinary decision ended the possibility of
2   having the 90 days he lost at Avenal restored. (*Id.* at 2.) His claim that respondent
3   violated his right to due process when it found him guilty of a rules violation at Soledad
4   using the "some evidence" standard is therefore viable.

5   <u>That is the sole habeas issue in this case.</u>  If it were not for the Avenal forfeiture
6   with the promise of credit restoration, no habeas action would lie. The Soledad credits
7   were restored and the length of his sentence was not affected. Also, Nwaonumah cannot
8   obtain habeas relief for the Soledad decision simply because the unexpunged Soledad
9   disciplinary decision might affect his parole eligibility status. *Nettles v. Grounds*, 830 F.3d
10  922, 934-35 (9th Cir. 2016) (en banc). Parole decisions are based on many factors, prison
11  disciplinary decisions being just one of them. *Id.* at 935. A favorable habeas decision in
12  such circumstances does not speed release, and therefore such claims must be brought, if at
13  all, through a civil rights complaint under 42 U.S.C. § 1983. *Id.*

14  This Court requires further briefing whether Nwaonumah is entitled to habeas relief
15  on his claim. Within 60 days from the date of this order, respondent shall file either a
16  dispositive motion or an answer to the petition. Respondent shall address the effect of
17  *Nettles*, cited above. Nwaonumah may file an opposition or traverse within 30 days after
18  the motion or answer is filed. If Nwaonumah files an opposition to a dispositive motion,
19  respondent may file a reply 15 days thereafter.

20  **IT IS SO ORDERED.**
21  **Dated:** November 1, 2016



WILLIAM H. ORRICK
United States District Judge

2